UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HUGH A. JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00332-SEB-KMB |
| | ) | |
| JORDAN BROUSE, | ) | |
| AARON STEVENSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Presently pending before the Court is Plaintiff Hugh A. Jacobs's Motion for Leave to File an Amended Complaint. [Dkt. 31.] Although the Defendants do not oppose this motion, [dkt. 33], the Court must still analyze whether Mr. Jacobs has met the requirements to amend his complaint under the Federal Rules of Civil Procedure. As explained below, the motion is **DENIED**.

**I. LEGAL STANDARD**

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2). In cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party seeks leave to amend a pleading after the deadline to do so established by the applicable case management plan has passed, a "heightened good-cause standard" from Rule 16(b)(4) applies before the court considers whether the requirements of Rule 15(a)(2) are satisfied. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted). The heightened good cause standard articulated in Rule 16(b)(4) primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. Gen. &*

*Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). The movant bears the burden to establish its diligence under Rule 16(b)(4). *Id.*

## II. DISCUSSION

Mr. Jacobs is suing Officer Jordan Brouse and Officer Aaron Stevenson of the Richmond Police Department, alleging that they "wrongfully stopped, seized, searched, and arrested" him without probable cause in violation of the Fourth Amendment. [Dkt. 1 at ¶ 2.] According to the Complaint, Mr. Jacobs "was handcuffed and taken to jail where he stayed for seven (7) months." [*Id.* at ¶ 3.]

Mr. Jacobs seeks leave to amend his complaint to correct two errors. First, he wants to clarify that following his arrest, he was "taken to jail where he stayed for six (6) hours before bonding out." [Dkt. 31-1 at ¶ 3.] Second, he wants to correct the spelling of the last name of one of the Defendants. Specifically, the Complaint spells the name as "Aaron Stevenson" but the proposed Amended Complaint would clarify that the Defendant's last name is "Aaron Stevens." [Dkt. 31-1.]

The deadline to file a motion to amend the pleadings in this case was July 21, 2023. [Dkt. 16 at 2.] Mr. Jacobs did not file his Motion to Amend until January 4, 2024—more than five months after that deadline had passed. [Dkt. 31.] Thus, the Court applies the heightened good cause standard set forth in Rule 16(b)(4). *Adams*, 742 F.3d at 734.

The Court concludes that Mr. Jacobs has not shown good cause under Rule 16(b)(4) for amending his complaint at this stage of the proceedings. The Motion for Leave to Amend states that "[i]n preparing for Plaintiff's upcoming deposition taking place January 8, 2024, Plaintiff pointed out to counsel's paralegal that he had not been incarcerated for seven months, but rather, was incarcerated for approximately six (6) hours before bonding out." [Dkt. 31 at ¶ 2.] Thus, this

2

information was within Mr. Jacobs' personal knowledge, and his counsel could have learned how long his client had been incarcerated simply by asking him.  *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) ("Generally speaking, it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline.").  As to the correct spelling of Defendant's last name, Mr. Jacobs makes no attempt to explain the delay.

Perhaps most importantly, however, the proposed amendments are not necessary for Mr. Jacobs to litigate his claims.  The specific period of time that Mr. Jacobs spent in custody following the allegedly unlawful arrest might affect his damages, but it is not an element of his Fourth Amendment claim and does not need to be specifically pled.  *See Martin v. Marinez*, 934 F.3d 594 (7th Cir. 2019) (discussing effect of post-arrest detention on damages available in Fourth Amendment claims); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case.").  As to the proper spelling of the Defendant's last name, this error can be corrected on the Court's own motion. *See*, *e.g.*, *Edwards v. Carter*, 2022 WL 4235336 at *1, n. 1 (S.D. Ind. September 14, 2022) ("The complaint misspelled Warden Reagle's name as 'Reagal.'  The clerk is directed to update the docket to reflect the correct spelling of the Warden's last name.").  Accordingly, the Court will direct the Clerk to update the docket to reflect the proper spelling of the name of the Defendant at issue.

Mr. Jacobs has not shown good cause for seeking leave to amend his complaint more than five months after the deadline to do so had already passed.  He has not shown that he acted with reasonable diligence in filing his Motion for Leave to Amend, and his proposed amendments are not necessary for him to litigate his claims.  Because he has not met the heightened good cause

standard of Rule 16(b)(4), the Court need not consider whether he has met the requirements of Rule 15(a)(2).

### III. CONCLUSION

For the reasons explained above, the Court finds that Mr. Jacobs has not shown good cause under Rule 16(b)(4) to amend his complaint five months after the deadline to do so has passed and for the reasons he proposes. Accordingly, the motion, [dkt. 31], is **DENIED**.

The **CLERK SHALL** modify the spelling of Defendant "Aaron Stevenson" on the docket to be "Aaron Stevens."

**IT IS SO ORDERED**.

Date: 1/18/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER C. MEYERS & ASSOCIATES
ismith@myers-law.com

Andrew J. Upchurch
Travelers Staff Counsel Indiana
ajupchur@travelers.com